**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA LUISA JOCOL-SOLIS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4667

Agency No. A208-583-257

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 15, 2025**
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

Petitioner Maria Luisa Jocol-Solis, a citizen of Guatemala, timely petitions

for review of a decision by the Board of Immigration Appeals ("BIA") dismissing

her appeal of an order of an Immigration Judge ("IJ") denying her application for

asylum, withholding of removal, and protection under the Convention Against

Torture ("Torture Convention"). We have jurisdiction under § 242 of the

Immigration and Nationality Act, 8 U.S.C. § 1252. We review the agency's legal

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

To qualify for asylum, Jocol-Solis must show that she was persecuted or has a well-founded fear of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1101(a)(42)(A), and that one of these protected grounds constitutes "one central reason" for the alleged persecution, *id*. § 1158(b)(1)(B)(i). To qualify for withholding of removal, Jocol-Solis must show that one of these protected grounds constitutes "a reason" for the persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3)(A). Substantial evidence supports the BIA's determination that Jocol-Solis failed to establish a sufficient nexus, under either of these standards, between her alleged persecution and her membership in her asserted particular social group.

Substantial evidence supports the agency's conclusion that the alleged harm that Jocol-Solis suffered in a series of incidents was unrelated to her membership in the "family of [her] sister-in-law," but was instead "due to being a victim of robbery" and "motivated by criminal reasons." Three of the incidents involved

2

robberies of stores run by either her sister-in-law or her husband's sister-in-law, and Jocol-Solis testified that, each time, the robbers wanted money. Jocal-Solis testified that, during the third robbery, she pulled off the ski mask of one of the robbers as they were running away, and that subsequently two of those robbers (including the one she had unmasked) approached her on a motorcycle while she was walking home and threatened to kill her if she spoke to the police or to her family about "what they had done." Jocol-Solis argues that, because "her only connection to the stores and its owners was a familial relationship," and because the robbers warned her not to say anything "to her family," the agency should have concluded that "she was threatened at least in part because of that relationship." But the record does not compel that conclusion. The agency instead permissibly found that the robbers were motivated by money and by a desire not to have anyone file a report with the police and that Jocol-Solis therefore was not targeted on account of her familial relationship. Consequently, the agency properly concluded that Jocol-Solis failed to establish the nexus required for either asylum or withholding of removal. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence also supports the agency's denial of Jocol-Solis's

application for protection under the Torture Convention on the ground that she had failed to show that "the police would acquiesce or be willfully blind to any torture" of her. Although, as the BIA noted, the country conditions evidence indicates that there is "official corruption and gang violence" in Guatemala, the record as a whole does not compel the conclusion that Guatemalan officials would acquiesce in any torture that Jocol-Solis might face. *B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022) ("Evidence of future acquiescence by public officials should be sufficiently related to the sources of petitioner's likely torture."). Indeed, as the agency observed, Jocol-Solis herself theorized that the robbers were concerned that she might report their activities to the police. The agency permissibly rejected her application for relief under the Torture Convention.

**PETITION DENIED.**